THE STATE OF NEW JERSEY v. ROBERT HANKINS.

Submitted July 3, 1907—Decided November 11, 1907.

1. Under section 1 of the act for the prevention of cruelty to children (*Gen. Stat., p.* 1717; amended, *Pamph. L.* 1901, *p.* 276), a conviction of a defendant for the offence of abusing a female infant eight and a half years of age, based upon a complaint and evidence tending to show only carnal abuse of such infant by the defendant, cannot be sustained, the word "abuse" in that act being construed to mean only corporal abuse, such as cruel and unnecessary punishment or failure to properly administer to its physical needs.
2. In cases of summary convictions before a magistrate, without a jury, the record must show on its face everything necessary upon general principles to constitute a legal conviction.

---

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Austin H. Swackhamer.*

For the defendant in *certiorari, Royal P. Tuller.*

The opinion of the court was delivered by

HENDRICKSON, J.   The defendant below was convicted be-
fore a justice of the peace of the county of Cumberland for an
alleged violation of section 1 of the act for the prevention of
cruelty to children. · *Gen. Stat.,* p. 1717, § 26; amended,
*Pamph. L.* 1901, p. 276.   The section in question declares that
any person whatsoever who shall cruelly ill-treat, abuse or in-
flict unnecessary cruel punishment upon any infant or minor
child shall be guilty of a misdemeanor and, upon conviction
thereof, before any justice of the peace, magistrate or court of
record, shall be fined by such justice, &c., not less than ten
dollars nor more than fifty dollars for each offence.   The com-
plaint was made by Mrs. Sykes, president of the Vineland
Children's Aid Society, who upon information and belief made
on oath the following complaint, to wit: that one Mrs. Brandt
and one Robert Hankins, living in a house occupied by said
Brandt, situate, &c., in the borough of Vineland, 'in said
county, is charged with violation of said act, by the said Han-
kins lying in bed and sleeping with a daughter of said Brandt,
said child being about the age of eight and one-half years, with
the full knowledge and consent of the said Brandt, mother of
said child named Minnie; the said Mrs. Brandt being addicted
to profane and indecent language to and in the presence of her
small children in her family, and that the moral training of
the children is neglected by her.   At the hearing there was
evidence tending to prove that on or about January 1st, 1907,
the defendant Hankins, who was a boarder, did sleep in bed
with said child in front of him, and some one else in the rear
of him, and that during the night he had carnally abused the
child.   A neighbor testified that he had heard defendant use
very bad language toward the child when out in the yard and
had seen him beat and ill-treat the child.   The conviction sets
forth that Mrs. Brandt, who at the hearing denied any knowl-
edge of the alleged criminal abuse of the child on the part of
the accused, was dismissed with a reprimand, but the defend-
ant Hankins was convicted in the following language: "being
a diseased man by his own admission, guilty of the probability

of contaminating a child, and further making use of profanity in the presence of the family of Mrs. Brandt and guilty of abuse of said Minnie Brandt in violation of the act as aforesaid;" and was thereupon fined for the offence aforesaid $50. A *certiorari* was taken out removing the complaint, conviction and other proceedings in said cause to this court.

The first reason alleged for reversal is that the complaint does not charge the prosecutor with any offence under the statute therein cited; that the justice of the peace in the absence of a legal complaint was without jurisdiction, and therefore, that the subsequent proceedings and conviction were without authority and void. We think the complaint is deficient in the respect named. It will be observed that the complaint is chiefly directed against Mrs. Brandt, the mother, charging her with violation of the act by allowing her said infant daughter to lie and sleep together in the same bed with Hankins and by using profane and indecent language to and in the presence of her children and that she neglects the moral training of her children; but the only charge made against Hankins is that of lying and sleeping in the same bed with the infant daughter. Such an allegation, if proven, would be some evidence of a charge of carnal abuse of the child, but that kind of abuse is not embraced, we think, within the purview of the section of the statute above recited.

The meaning of the word "abuse" in that section is to be gathered from its connection with other words in the prohibiting act. The maxim *noscitur a sociis* applies, and upon this principle the word means abuse of a corporal character, such as the infliction of cruel and unnecessary punishment or failure to administer to its physical needs. Another indication that it is not intended to cover the offence of carnal abuse is found in the light punishment provided in this act, and the fact that carnal abuse of an infant of tender years is made a high misdemeanor under the Crimes act, punishable by imprisonment at hard labor in the state prison. We think the complaint does not show, as against Hankins, an offence under this act.

It is further contended that the conviction is defective as not showing an offence charged in the complaint or any offence under the act. "Guilty of the abuse of the child" is too indefinite and is not within the charge in the complaint.

It is further urged that the evidence as returned does not support the charge nor the conviction. There was some evidence tending to show that Hankins did carnally abuse the child. Such evidence would be proper to submit to a grand jury in support of the finding of an indictment charging him with this serious offence, but it does not support a charge under the act in question.

It is urged in support of the conviction that the testimony of the neighbor above referred to would support the conviction. But that is not covered by any averment in the complaint, and hence the defendant could not be called upon to meet that testimony, which was admitted by the justice after the case had been once closed. Where a special power is given to a magistrate by statute to convict an offender in a summary manner, without a trial by jury, it must appear that he has strictly pursued the power. The record should show on its face everything necessary upon general principles to constitute a legal conviction. *Keeler* v. *Milledge,* 4 *Zab.* 142, 146; *Hoeberg* v. *Newton,* 20 *Vroom* 617; *Massinger* v. *Millville,* 34 *Id.* 123; *Slachter* v. *Stokes, Id.* 138.

The record showing the fatal defects above pointed out, the conviction must be set aside.